Slip Op. 11-44

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JIAXING BROTHER FASTENER CO., LTD., A.K.A. JIAXING BROTHER STANDARD PARTS CO., LTD., IFI & MORGAN LTD., and RMB FASTENERS LTD.,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>VULCAN THREADED PRODUCTS, INC.,<br><br>Defendant-Intervenor. | **Before: Gregory W. Carman, Judge**<br><br>Court No. 09-00205 |

[*The Department of Commerce's Final Results of Redetermination on Remand is SUSTAINED. Judgment will enter for Defendant accordingly.*]

deKieffer & Horgan (Gregory Stephen Menegaz; James Kevin Horgan) for Plaintiffs.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy; Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Delisa M. Sánchez); Daniel J. Calhoun, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for Defendant.

Vorys Sater Seymour and Pease LLP (Frederick P. Waite, Kimberly R. Young) for Defendant-Intervenor.

Dated: April 21, 2011

## OPINION & ORDER

CARMAN, JUDGE:  Plaintiffs Jiaxing Brother Fastener Co., Ltd. (also known as Jiaxing Brother Standard Parts Co., Ltd.)IFI & Morgan Ltd., and RMB Fasteners Ltd. (collectively, "Brother Companies" or "Plaintiffs") filed a motion pursuant to U.S.C.I.T. R. 56.2 challenging the Department of Commerce's ("Commerce" or "the Department") final determination of sales at less than fair value in Certain Steel Threaded Rod from the People's Republic of China, 74 Fed. Reg. 8,907 (Feb. 27, 2009) ("Final Determination").

In deciding Plaintiffs' R. 56.2 Motion, the Court upheld all aspects of the Final Determination except for one, which centered on whether Commerce chose the "best available information," as required by 19 U.S.C. § 1677b(c)(1),[1] when it rejected the financial statements of the Indian company Rajratan Global Wire Ltd. ("Rajratan") as a surrogate source of data for calculating the normal value of the subject merchandise, steel threaded rod ("STR") from China. Jiaxing Brother Fastener Co., Ltd. v. United States, 34 CIT ___, ___ F. Supp. 2d ___, 2010 WL 4791811 at *11-12 (2010).  The Court found that "Commerce's rejection of Rajratan's financial statement was based on the mistaken finding that Rajratan manufactured an upstream product used as an input in the production of STR," a finding which the Court found not to be "supported by

---

[1] All citation to the United States Code are to the 2006 edition.

substantial evidence on the record, which shows that Rajratan produces p.c. [prestressed concrete] wire and tyre bead wire, not steel rod." <u>Id.</u> at *12.  Since Commerce had rejected Rajratan's financial information based on the mistaken conclusion "that Rajratan's product was an input used in Plaintiffs' STR manufacture," the Court remanded that aspect of the <u>Final Determination</u> for Commerce "to reconsider the appropriateness of using Rajratan's financial statement by analyzing the comparability of Rajratan's merchandise to the subject merchandise." <u>Id.</u>

Commerce filed its <u>Final Results of Redetermination Pursuant to</u> <u>*Jiaxing Brother Fastener Co., Ltd., et al. v. United States,*</u> Consol. [sic] Court No. 09-00205, Slip Op. 10-128 <u>(November 16, 2010)</u> ("<u>Remand Results</u>") on December 16, 2010.  (ECF No. 42.)  Upon reconsideration and after hearing from all parties, the Department determined that Rajratan's products were comparable to STR, and found that "its production experience, and therefore financial experience, is comparable to that of STR producers," and "included [Rajratan's] financial ratios in the average calculation of surrogate financial ratios."  (<u>Id.</u> at 12.)  As a result, Plaintiffs' dumping margin was revised from 55.16% to 47.37% for the period of investigation.  (<u>Id.</u> at 13.)  As discussed below, the Court now sustains the <u>Remand Results</u>.

I.     **<u>Positions of the Parties</u>**

The Brother Companies indicated by letter to the Court that they had "no further

comments on the Department's Redetermination," and therefore did not object or argue against affirming the Remand Results. (ECF No. 43.)

The United States filed a brief response to the Plaintiffs' comments, briefly arguing that the Remand Results were supported by substantial evidence and urging that they be sustained in the absence of any objection from Plaintiffs. (ECF No. 46.)

Vulcan Threaded Products, Inc. ("Vulcan"), Defendant-Intervenor, filed its Response to Plaintiffs' Comments Regarding the U.S. Department of Commerce's Remand Determination ("Vulcan's Comments") contesting the Remand Results on the basis that Commerce failed to explain or cite to substantial record evidence supporting the finding that "the wire produced by [Rajratan] is comparable to threaded rod." (Vulcan's Comments at 3.) Vulcan also argued this point in the administrative proceeding on remand, noting "that STR is a value-added product which requires that wire rod first be drawn into wire and straightened, cut to length, threaded and zinc coated." (Remand Results at 5.) Vulcan argued that Rajratan made "only wire products" which were "not comparable to STR." (Id.)

During the remand proceeding, Commerce rejected Vulcan's argument and found that Rajratan's products were comparable to STR. (Id. at 5-6.) The sole issue to be resolved here is therefore whether substantial evidence on the record supports Commerce's decision that Rajratan manufactured end-products comparable to STR.

## II.  Commerce's Analysis of the Similarity of STR and Rajratan's Products

Both STR (the product made by Vulcan and Plaintiff) and p.c. wire and tyre bead wire (the products made by Rajratan) share the same initial manufacturing step: an input known as wire rod is drawn into steel wires. No party contests this conclusion and the record supports it.

Rajratan's financial statement describes one benefit of its R&D efforts as the "ability to draw wire at higher speeds," and plans in the future to "lower energy cost . . . of bead wire by . . . high-speed drawing." (Vulcan Comments, Tab 1 at 7.)  The same document describes Rajratan's raw materials as consisting of primarily "Wire Rod," as well as a small amount of "Ancillary Raw Material," which are listed as its only "Raw Materials Consumed" in the production of its two products, "P.C. Wire" and "Tyre Bead Wire." (Id. at 22, 27.)

The Brother Companies describe their production process as beginning with "drawing the wire rod or round bars into wires," a process that consumes only "wire rod or round bars and drawing powder." (Id., Tab 2 at 3.)

Vulcan's objections arise here; it argues that "wire production is merely the first stage of the production process used by Vulcan and Plaintiffs to make [STR]," but that Rajratan's operations end there. (Vulcan's Comments at 3-4.)  Vulcan emphasized that to make STR, the drawn wire must be straightened, cut to length, threaded and zinc

Court No. 09-00205                                                                                           Page 6

coated.  (Id. at 4.)  No party contests this description of STR manufacture.

Commerce, however, rejected Vulcan's argument that these steps distinguished STR production from p.c. wire and tyre bead production, since "careful review of the Rajratan financial statement indicates that Rajratan . . . [also] produces 'spring wires' with high end applications and has the capability to pickle its products."  (Remand Results at 5 (citing Rajratan Financial Statement (located in Vulcan Comments, Tab 1) at 7).)  Based on these facts, Commerce found "that Rajratan further manufactures wire rod into finished (or semi-finished) steel products, a process comparable to that of producing STR."  (Id. at 5-6.)  In other words, Commerce found that Rajratan's additional processing of its wire by pickling and by the manufacture of spring wires was comparable to the additional processing of wire (cutting to length, threading, and galvanizing) to produce STR.  It is the reasonableness of this finding that Vulcan attacks.

III.   **Standard of Review**

The Court must uphold Commerce's decision, unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law," in which case the Court must overturn the decision.  19 U.S.C. § 1516a(b)(1)(b)(i); Dorbest Ltd. v. United States, 604 F.3d 1363, 1371 (Fed. Cir. 2010).  "Substantial evidence" is proof that "a reasonable mind might accept as adequate to support a conclusion."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (internal quotations omitted).  The

Court is not to substitute its own decision for that of Commerce, as the mere "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence" as long as the finding is rationally connected to the factual record. <u>Consolo v. Fed. Maritime Comm'n.</u>, 383 U.S. 607, 620 (1966) (citations omitted)

When reviewing Commerce's decision as to what constitutes the "best available information" under 19 U.S.C. § 1677b(c)(1), the Court does not "evaluate whether the information Commerce used was the best available, but rather whether a reasonable mind could conclude that Commerce chose the best available information.'" <u>Dorbest Ltd. v. United States</u>, 30 CIT 1671, 1676, 462 F. Supp. 2d 1262, 1269 (2006), <u>aff'd-in-part, vacated-in-part, and remanded on other grounds</u>, 604 F.3d 1363.

IV.    <u>Analysis</u>

The Court, applying its standard of review, finds that a reasonable mind could easily conclude that Commerce chose the best available information in deciding to use Rajratan's financial ratios because its conclusion that Rajratan's products are comparable to STR was rational. The Court therefore affirms the <u>Remand Results</u>.

While Vulcan attempts to distinguish p.c. wire and tyre bead wire from STR by stating that their production is completed immediately after drawing, the record does not support such a conclusion. First, as Commerce points out, Rajratan's financial

statements indicate that Rajratan also pickles its wire and has developed the capacity to produce high-end spring wires.  Commerce could reasonably conclude that such post-drawing steps are comparable to the relatively simple STR production steps of cutting to length, threading, and galvanizing.

Since the steps involved in manufacturing STR, p.c. wire, and tyre bead wire are all relatively simple and rudimentary processes in which there is significant crossover, the Court finds that Commerce acted reasonably and well within its discretion and authority in determining that those processes were similar.  The Court is therefore compelled to sustain the <u>Remand Results</u>.

## V.     Conclusion

For the above reasons, and having given full consideration to the <u>Remand Results</u>, the comments and responses of all parties, and to the administrative record and all other papers and proceedings in this case, the Court affirms the Remand Results and denies Plaintiffs' motion for judgment upon the agency record.  Judgment for Defendant will be entered accordingly.

                                                                     /s/Gregory W. Carman
                                                                     Gregory W. Carman, Judge

Dated:     April 21, 2011
           New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JIAXING BROTHER FASTENER CO., LTD., A.K.A. JIAXING BROTHER STANDARD PARTS CO., LTD., IFI & MORGAN LTD., and RMB FASTENERS LTD., <br><br>      Plaintiffs<br><br>  v.<br><br>UNITED STATES,<br><br>      Defendant,<br><br>  and<br><br>VULCAN THREADED PRODUCTS, INC.,<br><br>      Defendant-Intervenor. | **Before: Gregory W. Carman, Judge**<br><br>Court No. 09-00205 |

### JUDGMENT

This case having been duly submitted for decision, and the Court, after due deliberation, having rendered a decision herein; now therefore, in conformity with said decision, it is hereby

**ORDERED** that Plaintiffs' Motion for Judgment on the Agency Record is denied, and it is further

**ORDERED** that Commerce's Remand Results are sustained.

                                                    `/s/Gregory W. Carman`
                                                     Gregory W. Carman, Judge

Dated:     April 21, 2011
             New York, NY